**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Mary Hildebrandt and Jane Whaley, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No.   10 C 8202 |
| Omni Credit Services of Florida, Inc., a Florida corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Mary Hildebrandt and Jane Whaley, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant transacts business here.

**PARTIES**

3.  Plaintiff, Mary Hildebrandt ("Hildebrandt"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt owed to the Home Shopping Network, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Plaintiff, Jane Whaley ("Whaley"), is a citizen of the State of Alabama, from whom Defendant attempted to collect a delinquent consumer debt owed to the Home Shopping Network, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's LASPD program, located in Chicago, Illinois.

5. Defendant, Omni Credit Services of Florida, Inc. ("Omni"), is a Florida corporation that, from its offices in Wisconsin, Michigan and Florida, acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Omni operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Omni was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiffs.

6. Defendant Omni is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Omni conducts business in Illinois.

## FACTUAL ALLEGATIONS

**Ms. Mary Hildebrandt**

7. Ms. Hildebrandt is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed to the Home Shopping Network. When Defendant Omni began trying to collect this debt from Ms. Hildebrandt, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Omni's collection actions.

8. On November 2, 2010, one of Ms. Hildebrandt's attorneys at LASPD informed Omni, in writing, that Ms. Hildebrandt was represented by counsel, and directed Omni to cease contacting her, and to cease all further collection activities because Ms. Hildebrandt was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit B.

9. Nonetheless, Defendant Omni's debt collectors continued to call Ms. Hildebrandt directly, including, but not limited to two telephone calls on November 16, 2010, from telephone number 800-670-9944, to demand payment of the Home Shopping Network debt.

10. Accordingly, on November 29, 2010, Ms. Hildebrandt's LASPD attorney had to send Defendant Omni another letter, to direct it again to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit C.

**Ms. Jane Whaley**

11. Ms. Whaley is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she owed to the Home Shopping Network. When Defendant Omni began trying to collect this debt from Ms. Whaley, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Omni's collection actions.

12. On September 30, 2010, one of Ms. Whaley's attorneys at LASPD informed Omni, in writing, that Ms. Whaley was represented by counsel, and directed Omni to cease contacting her, and to cease all further collection activities because Ms.

Whaley was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

13. Nonetheless, Defendant Omni's debt collectors continued to call Ms. Whaley directly, including, but not limited to a telephone call on November 9, 2010, from telephone number 800-670-9944, to demand payment of the Home Shopping Network debt.

14. Accordingly, on November 29, 2010, Ms. Whaley's LASPD attorney had to send Defendant Omni another letter, to direct it again to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

15. Defendant Omni's collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendant Omni's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiffs adopt and reallege ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letters from Ms. Hildebrandt's and Ms. Whaley's agent, LASPD, told Defendant Omni to cease communications and cease collections. By continuing to

4

communicate regarding these debts and demanding payment, Defendant Omni violated § 1692c(c) of the FDCPA.

20. Defendant Omni's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

21. Plaintiffs adopt and reallege ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendant Omni knew that Ms. Hildebrandt and Ms. Whaley were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendant, in writing, that they were represented by counsel, and had directed Defendant Omni to cease directly communicating with them. By directly calling Ms. Hildebrandt and Ms. Whaley, despite being advised that they were represented by counsel, Defendant Omni violated § 1692c(a)(2) of the FDCPA.

24. Defendant Omni's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiffs, Mary Hildebrandt and Jane Whaley pray that this Court:

1. Find that Defendant Omni's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs Hildebrandt and Whaley, and against Defendant Omni, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Mary Hildebrandt and Jane Whaley, demand trial by jury.

Mary Hildebrandt and Jane Whaley,

By: /s/ David J. Philipps
One of Plaintiffs' Attorneys

Dated: December 27, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com